### No. 888

No. 19338—The State of Ohio on the relation of The Tax Commission of Ohio vs. E. M. Faust, as Auditor of Mahoning County, Ohio. In Mandamus.

**1156. TAX COMMISSION—1.** May force auditor of county to reappraise real estate in 1925, by mandamus, other than that belonging to public utilities, where reappraisement has not been made in 1922, 1923, and 1924.

**2.** Fact that action is pending, to which Commission is not made a party; but action is brought in name of state by prosecuting attorney, does not affect jurisdiction of the Supreme Court.

KINKADE, J.

1. Section 5548, General Code, as amended, effective July 16, 1925, makes it the duty of county auditors, where no reappraisement has been made of the real estate in the county within the years 1922, 1923 and 1924, to reappraise, in 1925, the real estate of the county, —other than real estate belonging to public utilitie—and the performance of this duty by the county auditor may be enforced by mandamus in this court at the instance of the State Tax Commission.

2. The pendency of an action in the Court of Common Pleas, to which the Tax Commission is not made a party, brought in the name of the State on the relation of the prosecution attorney against the county auditor to prevent such reappraisement, and the issuing of an order of injunction as prayed for therein, in no wise affects the jurisdiction of this court. By Section 1465-31, General Code, the Common Pleas Court is prohibited from issuing such injunction.

Writ allowed.

Marshall, CJ., Jones, Matthias, Day and Allen, JJ., concur.

---

### No. 889

No. 19118—Peter Madjorous v. State of Ohio. Error to the Court of Appeals of Summit county.

**531. FINES—Prohibition against remission of, is valid exercise of legislative power, and does not invalidate the operative provisions of 6212-17 GC.**

MARSHALL, C. J.

The prohibition against remission of fines and suspension of sentence provided in section 6212-17, General Code, is a valid exercise of legislative power and does not invalidate the operative provisions of that section.

Judgment affirmed.

Jones, Matthias, Day, Allen and Kinkade, JJ., concur. Robinson, J., not participating.

---

### No. 890

No. 18700—Morris F. Luff v. State of Ohio. Error to the Court of Appeals of Cuyahoga county.

**333. CRIMINAL LAW—Person convicted of offense has right to be sentenced under law as it existed at commission and not as subsequently amended.**

DAY J.

1. A person convicted of a criminal offense has a right to be sentenced under the law as it existed at the time of the commission of the alleged offense and is not required to submit to a sentence under the law as subsequently amended.

2. A sentence under an indeterminate sentence law which may have the effect of increasing the minimum punishment beyond what might have been inflicted under the original statute which the amended statute supersedes, should be set aside and the accused resentenced under the statute as it existed at the time of the commission of the offense.

Judgment modified.

Jones, Allen, Kinkade and Robinson, JJ., concur. Marshall, CJ., and Matthias, J., dissent.

---

### No. 891

No. 18355—The Central Gas Company v. Hope Oil Company. Error to the Court of Appeals of Monroe county.

**1235. VERDICT—Where special findings of fact returned by jury are inconsistent with the general verdict, said verdict should be disregarded in so far as the inconsistency exists.**

DAY, J.

1. An affirmance by the court of appeals of the common pleas court in refusing to grant a judgment upon special findings of fact, which are inconsistent with the general verdict, is a final order, and error lies to this court without noting an exception to the action of the court of appeals.

2. Where special findings of fact returned by a jury are clearly irreconcilable upon the record with the general verdict, it is error for the trial court to refuse to set aside and disregard the general verdict, in so far as such special findings are inconsistent therewith, and to give judgment accordingly.

Judgment reversed.

Marshall, CJ., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.